**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P77-R**

**JAMES CARL HIGGS**                                                                                          **PLAINTIFF**

**v.**

**TRANSPORTATION SPECIALIST SANFORD** *et al.*                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss all of Plaintiff's claims except his Eighth Amendment Cruel and Unusual Punishment claims against Defendant Sanford and the Defendant Christian County Deputies based on their alleged physical assaults against Plaintiff.

**I. SUMMARY OF CLAIMS**

Plaintiff, a convicted inmate currently incarcerated at the Eastern Kentucky Correctional Complex, has sued the following individuals: TransCo of America Transport Specialist Sanford; TransCo of America Transport Specialist Stephanie White; Christian County Jail Deputies Sergeant Matt Deluga, Mike Grise, Adam Turner, Brian Glover, Ed Campbell, Chris Diedrich, and Klye Bruce; Roederer Correctional Complex Corrections Administrators Ed Puckett and Jessica Durrett; Roederer Correctional Complex Nurse Lisa; and Taser International, Inc.

According to Plaintiff, on or about August 11, 2006, he was released from the Indiana Department of Corrections. At the time, there was detainer lodged against Plaintiff by the Commonwealth of Kentucky due to a 1999 parole violation. As such, Plaintiff was turned over to the Transportation Corporation of America (hereinafter referred to as "TransCo"), a company that allegedly contracts with the Commonwealth of Kentucky to transport prisoners from one

jurisdiction to another.  When Plaintiff was turned over to TransCo, he had "a 30 days supply of medications for depression (Prozac), pain, Ibuprohen [sic], steroids, ecotrin, doxepin, [and], multivitamins."  Plaintiff alleges that he had a verbal disagreement with Defendant Sanford regarding his need to drink water due to the medications, which in turn required frequent restroom breaks.  Plaintiff claims that in the course of the verbal disagreement Defendant Sanford sprayed him with a chemical substance, struck him, and then dragged him off of the bus.  Plaintiff claims that his head was injured and bleeding as a result of this incident and that he was taken to see the Indiana prison nurse who cleaned his wounds.  In the meantime, Plaintiff claims that Defendant Sanford requested the Indiana officials to reassume custody of Plaintiff, which they refused to do.  As a result, Plaintiff claims that he was loaded back on the bus.  Thereafter, Plaintiff alleges that he was placed in a "cage" by an open window where he was exposed to the cold and left without a blanket while the bus traveled through the night into Illinois before arriving in Hopkinsville, Kentucky, the next day.  The bus unloaded at the Christian County Jail.  Upon getting off of the bus, Plaintiff observed "Sanford with a shotgun aimed directly at me," and "believes that any false moves by me would have resulted in me being shot."

Once at the Christian County Jail, Plaintiff claims that the Defendant Deputies[1] took him to a "stoge" area where he was threatened.  When Plaintiff tried to explain his side of the story, he was "taken to the floor."  Thereafter, he was taken to an isolated cell and stripped of all his clothing.  The next morning he was awakened and told to get ready to "move out."  Plaintiff next alleges, with respect to his claims against the Defendant Deputies, that:

> I was handcuffed behind my back and escorted down the hallway.  On the way, I tripped and fell to the floor.  They took this opportunity to drag me down the

---

[1] While Plaintiff does not specify the Defendants Deputies, it is apparent that he is referring to the seven Christian County deputies listed in the parties' section of his complaint.

>  hallway. When they got me in the "stoge" area, they were joined by 4-5 other jailers. Together they tasered me. They piled on me making it difficult for me to breathe. During the altercation, the handcuffs were removed from behind my back and put in the front. Shackles were placed on my ankles. Together they lifted me (each had a limb) on the waiting bus. However, defendant Stephanie White instructed the TransCor specialist to take me back off the bus. By this time I was worn down. Nevertheless, Defendants tasered me back off of the bus into a cell.

Sometime thereafter, Plaintiff was transported to the Roederer Correctional Complex, where he was placed in administrative segregation. Plaintiff claims that while in segregation he missed some doses of his medications. He claims that he filed grievances with the Roederer authorities concerning the missed medication and his treatment during transport, but that they were not resolved to his satisfaction.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of

3

facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

**A.      Claims Against Defendant Sanford**

**1.  Alleged assault**

All post-conviction excessive force claims are to be raised "exclusively under the Eighth Amendment's cruel and unusual punishment clause." *Cornwell v. Dahlberg*, 963 F.2d 912, 915 (6th Cir. 1992). "The standard to be used in analyzing 'excessive force' claims under the Eighth Amendment . . . [is] 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995) (quoting *Hudson v. McMillian*, 503 U.S. 1 (1992)). Construing Plaintiff's allegations in the light most favorable to him, as the Court must on initial review, the Court will allow this claim to proceed for further development.

**2.  Exposure to cold**

Plaintiff alleges that he was placed in "cage" on the bus near a broken window that let the night air in and was not given a blanket during the overnight drive from Indiana to Illinois

exposing him to the "cold."  "Prisoners have a right to protection from *extreme* cold." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (emphasis added).  However, in this case Plaintiff has not adequately alleged that this right was violated.  First, the Court notes that the events in question allegedly occurred in August, historically one of the warmest months of the year in this part of the country.  Additionally, Plaintiff's "exposure" to the elements was only one night.  While Plaintiff may have experienced some discomfort on the night in question, the Court concludes as a matter of law, that the failure to provide Plaintiff with a blanket for a single night in August does not present conduct sufficiently serious to rise to the level of an Eighth Amendment violation.  *See, e.g., Spencer v. Bouchard*, 449 F.3d 721, 728-29 (6th Cir. 2006) (explaining that claims of continuous exposure to cold may rise to the level of Eighth Amendment violations while claims of only isolated or brief exposure to cold rarely do).

### 3. Threatening stance

Plaintiff additionally alleges that Defendant Sanford was pointing a shotgun at him in a threatening manner when Plaintiff exited the bus in Christian County.  However, Plaintiff does not allege that Sanford shot at Plaintiff or even physically touched him as he left the bus. "Allegations of verbal abuse, threats, or harassment by a guard to a prisoner are not cognizable under section 1983."  *Banks v. Klapish*, 717 F. Supp. 520, 522 (W.D. Mich. 1989) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)).  Thus, the fact that Defendant Sanford assumed a threatening stance as Plaintiff exited the bus is not actionable under § 1983.

**B.     Claims against Transport Specialist Stephanie White**

Plaintiff's only allegation against Defendant White is that she "instructed the Transcor Specialist to take me back off of the bus."  Plaintiff did not have a constitutional right to be transported on the bus.  Accordingly, Plaintiff has not stated any cognizable cause of action

5

against Defendant White.

**C.       Christian County Jail Deputies**

   **1.       Threats**

Plaintiff claims that upon arrival at the Christian County Jail he was "threatened" by two jailers that told him that he would be "severely punished if I started any trouble." As noted above, verbal threats by correctional officers are not actionable under the Eighth Amendment.

   **2.       Placement in isolated cell**

Plaintiff also claims that the Christian County Jail Deputies placed him in an isolated cell and took his clothing for a day or two. First, Plaintiff's stay in the isolated cell was very brief. Second, and more importantly, he has not alleged that his placement deprived him of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). While he alleges that Defendants took his clothing, he does not allege that he was left completely naked without a sheet or other covering for a prolonged period of time.

   **3.       Alleged Assault**

Finally, Plaintiff alleges that when he tripped and fell on the way out of the jail, the Christian County Deputies repeatedly "tasered" him and otherwise piled on top of him. The Court will allow Plaintiff's claims predicated on the alleged physical assaults by the Christian County Deputies to proceed for further development.

**D.       Taser International, Inc.**

While Defendant Taser International, Inc. is named as a defendant, Plaintiff has failed to make any factual allegations against this Defendant in the body of his complaint. The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the

basis of the claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Because Plaintiff has failed to allege any factual allegations against Defendant Taser International, Inc., the Court will dismiss it from this action.

### E.      Roederer Correctional Complex Defendants

Finally, Plaintiff has named three Roederer Correctional Complex employees as defendants: Ed Puckett, Jessica Durrett, and Nurse Lisa.

First, Plaintiff complains that these Defendants violated his constitutional rights because "I received only one dosage of medication when I first arrived at RCC." To sustain a cause of action under § 1983 for failure to provide medical treatment, a plaintiff must demonstrate that the defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "An Eighth Amendment claim has two components, one objective and one subjective." *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). To satisfy the objective component, "'the inmate [must] show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Blackmore v. Kalamazoo County*, 390 F.3d 890, 896 (6th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Here, Plaintiff has not alleged that he was experiencing any symptoms with respect to his conditions, that he experienced any adverse events from the missed dosages, or that whoever denied the medications knew that he was being exposed to a substantial risk of serious harm. For all these reasons, no claim has been stated in this instance.

Second, Plaintiff alleges that officials at Roederer Correctional Complex failed to properly respond to his grievances concerning his treatment on the TransCo bus and at the Christian County Jail and his missed doses of medications. However, there is "no

7

constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 Fed. Appx. 441, 445 (6th Cir. 2005).  By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance.  Plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances.  *See, e.g.*, *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies); *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Accordingly, the Court will dismiss Plaintiff's claims against the Roederer Correctional Complex Defendants.

## IV.  CONCLUSION

To summarize, the Court is dismissing all of Plaintiff's claims against Defendant White, Defendant Taser International, Inc., Defendant Puckett, Defendant Durrett, and Defendant Nurse Lisa for failure to state a claim upon which relief can be granted.  The Court is also dismissing Plaintiff's claims against Defendant Sanford based on his failure to provide Plaintiff with a blanket and his alleged threatening stance, as well as Plaintiff's claims against the Defendant Christian County Deputies based on their verbal threats and placement of Plaintiff in isolation.  The Court is allowing Plaintiff's Eighth Amendment Cruel and Unusual Punishment claims to proceed against Defendant Sanford and the Defendant Christian County Deputies based on their alleged physical assaults against Plaintiff for further development.  In allowing these claims to proceed, the Court is not expressing an opinion as to their ultimate viability or outcome.

The Court will enter separate Orders consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
　　Defendants
　　Christian County Attorney

4413.008