UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P77-R

JAMES CARL HIGGS                                                                    PLAINTIFF

v.

TRANSPORTATION SPECIALIST SANFORD *et al.*                       DEFENDANTS

**MEMORANDUM AND ORDER**

1.      **Plaintiff's motion to compel**.  Plaintiff has filed a motion seeking to compel

Defendants to answer his interrogatories as previously ordered by the Court.  Plaintiff is also

seeking sanctions.  From a review of Defendants' response it appears to the Court that

Defendants have now produced to Plaintiff all answers to his discovery requests, with the

exception of Defendant Grise's interrogatory answers.  Counsel for Defendants states that they

have been unable to locate Defendant Grise.  The Court was initially very concerned that counsel

were purporting to represent a defendant that they could not locate.  However, the Court

observes that Defendants recently filed their witness list listing Defendant Grise as a witness

with the Court.  Thus, the Court presumes that Defendant Grise has been now located.[1]

---

[1]Plaintiff sued Defendant Grise in both his official and individual capacities (DN 1, page
2).  The summons served on Defendant Grise was returned to the Court unexecuted (DN 18).
However, counsel Harold Johns entered an appearance on behalf of all Defendants, including
Defendant Grise (DN 26).  Counsel later filed a motion for summary judgment on behalf of
Defendant Grise and the other Defendants.  However, in response to Plaintiff's motion to
compel, counsel indicated that he had not been able to locate Defendant Grise.  The Court
granted Plaintiff's motion because the inability to locate a defendant is not a sufficient reason for
failing to respond to interrogatories.  Defendant Grise is a party to this action.  He waived any
arguments regarding ineffective service by filing an answer and participating in this litigation.
He cannot selectively decide to participate when it behooves him to do so (seeking summary
judgment) and then decide to evade his responsibility when it does not (responding to discovery
requests).  As a party that has fully participated in other aspects of this litigation, he has an
affirmative obligation to respond to discovery requests or face the consequences for his failure to
do so.  The Court will not excuse his conduct.  Presumably he had notice of this lawsuit because
he authorized counsel to file an answer of his behalf.  It is his responsibility to keep his counsel
informed of his whereabouts.  The Court will not tolerate future lapses by Defendant Grise as the

Accordingly, Plaintiff's motion to compel is **GRANTED** in part and **DENIED** in part. **No later than June 26, 2009, Defendant Grise is ORDERED to respond to Plaintiff's outstanding discovery requests or show cause for his failure to do so. Defendant Grise shall file his responses with the Court. Defendant Grise is WARNED that because this is the second time he has been ordered to produce this information, sanctions (including possibly default judgment) may be imposed against him should he fail to timely respond.**

2.      Plaintiff has filed a motion "pursuant to Rules 59, 60, 61 and 62, for an Order altering and amending, and/or reconsideration of . . . [the Court's March 25, 2009, Order] granting summary judgment in favor of defendant Sheba Sanford."

The Court entered an Order granting Defendant Sanford summary judgment on March 25, 2009 (DN 46). Plaintiff filed a motion to alter or amend pursuant to Fed. R. Civ. P. 59 on April 16, 2009 (DN 50). Under Fed. R. Civ. P. 59(e) "a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Under Fed. R. Civ. P. 4: "the following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute . . . (2) exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days." Thus, Plaintiff had until April 8, 2009, to file a Rule 59(e) motion.   A "district court may not enlarge or extend the ten-day time limit for any party seeking relief under Rule 59(e)." *Cook v. United States*, 246 F. App'x 990, 995 (6th Cir. 2007). Thus, to the extent Plaintiff seeks relief under Rule 59, his motion must be denied as untimely.

Plaintiff also mentions Rule 60 in his motion. "Where a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." *Feathers v. Chevron U.S.A.*, 141 F.3d

---

time for trial is quickly approaching.

264, 268 (6th Cir. 1998).  Rule 60(b)(1) provides:  "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect."  "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *CSU, L.L.C. v. Xerox Corp.*, 202 F.R.D. 275, 278 (D. Kan. 2001).  Like Rule 59(e), "Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof."  *Burnley v. Bosch Americas Corp.*, 75 F. App'x. 329, 333 (6th Cir. 2003).

In his motion, Plaintiff argues that this Court did not consider the fact that Defendant Sanford allegedly struck Plaintiff during their altercation.  The Court did consider this allegation. Based on the Court's review of the parties' briefs, it was the Court's understanding that Plaintiff was struck sometime during the pepper spraying incident causing him to fall to the ground. However, based on the events leading up to the spraying and Plaintiff's lack of significant injury, the Court concluded that Defendant Sanford's actions were objectively reasonable under the circumstances.  There is no basis under Rule 60 to alter or amend the judgment.

Rule 61 deals with harmless errors, and Rule 62 concerns stays of proceedings to enforce a judgment.  Both Rules are inapplicable.

Accordingly, for the reasons explained above, Plaintiff's motion (DN 50) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record

4413.008

3