UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P77-R

JAMES CARL HIGGS                                                                                    PLAINTIFF

v.

TRANSPORTATION SPECIALIST SANFORD *et al.*                                      DEFENDANTS

### MEMORANDUM AND ORDER

The Christian County Defendants have filed a motion "respectfully demand[ing] that items G, H, I, J, K, L, and N referred to in Plaintiff's proposed exhibit list be declared inadmissible as evidence in Plaintiff's case in chief." For the reasons set forth below, Defendants' motion for a blanket prohibition of the outlined items (DN 65) is **DENIED**. Defendants are free to renew their objections to the introduction of the specific items of evidence during the course of trial if the circumstances warrant.

Items G, H and N

Items G and H are Defendants' interrogatory answers. Defendants claim that interrogatory answers can only be used for impeachment and should not be admitted because they are not depositions. Interrogatory responses are admissible as admissions of a party opponent under Fed. R. Evid. 801(d)(2)(A) and (B). *See Gridiron Steel Co. v. Jones & Laughlin Steel Corp.*, 361 F.2d 791, 794 (6th Cir. 1966) ("Answers by a party to interrogatories may be used for any purpose."); *See Tamez v. City of San Marcos*, 118 F.3d 1085, 1098 (5th Cir. 1997); ("Tamez's responses to the interrogatory would have been admissible at trial as admissions of a party opponent under Fed.R.Evid. 801(d)(2)(A) and (B)."); *Buckley v. Airshield Corp.*, 116 F. Supp. 2d 658, 669 (D. Md. 2000) ("A party opponent's answers to interrogatories are admissible as admissions.").

Item N is a "blanket list of any other discovery answer by anyone, party or not." As explained above, interrogatory answers and other discovery responses by a party are admissible as party admissions. Discovery from non-parties could be admissible for impeachment. A determination of whether particular discovery responses are admissible is best made at trial at the time of attempted introduction.

<u>Items I and J</u>

Items I and J are Defendants' summary judgment motion and the exhibits in support thereof. Defendants argue that the Court should declare these items inadmissible because they are "pleadings."[1] There is no blanket prohibition against the introduction of pleadings, motions or other papers in the record in federal court. To the contrary, the general rule is that "statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney." *Tucker v. Hous. Auth.,* 507 F. Supp. 2d 1240, 1270 (N.D. Ala. 2006). Furthermore, "a court can appropriately treat statements in court filings, including briefs and motions, as binding admissions of the party." *See City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990).

<u>Items K and L</u>

Items K and L are Plaintiff's medical records, which appear to be from the Indiana and Kentucky Departments of Corrections. Defendants argue that the medical records are inadmissible because Plaintiff has failed to authenticate them as required under Fed. R. Evid. 901.

---

[1]The Court observes that technically Defendants' motion is not a "pleading." *See* Fed. R. Civ. P. 7 (defining pleadings as complaints, answers, answers to counterclaims, answers to crossclaims, third-party complaints, answers to third-party complaints, and replies to answers if court ordered).

Although medical records are an exception to the hearsay rules, Federal Rule of Evidence 901 requires those records to be authenticated prior to admission into evidence. Federal Rule of Evidence 901(a) provides that "the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." As the Second Circuit has observed, "Rule 901 does not erect a particularly high hurdle, and the proponent of the evidence is not required to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) (internal quotation marks and citations omitted)." Rule 901's requirements are satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999)). Under Rule 901(b)(4) documents can be authenticated by their "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with the circumstances."

Defendants have not set forth their reasons for contesting the authenticity of Plaintiff's medical records. Perhaps, Defendants have some reason to believe that the records have been altered or manufactured. If so, they should present their reasons to the Court. If not, the Court urges Defendants to consider stipulating to the documents' authenticity to avoid undue confusion and delay at trial. *See Young v. Danielson*, 2005 U.S. Dist. LEXIS 34401 (E.D. Cal. Nov. 28, 2005) ("The Court views Defendant's objection to the authenticity of Plaintiff's medical records

with disfavor.  The records were clearly compiled on California Department of Corrections forms and bear Plaintiff's name and CDC identification number.")

Date:

cc:	Counsel or record
	Plaintiff, *pro se*
4413.008