UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P77-R

**JAMES CARL HIGGS**                                                                                   **PLAINTIFF**

**v.**

**TRANSPORTATION SPECIALIST SANFORD** *et al.*                         **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on Defendants' renewed motion for summary judgment. Upon review, for the reasons set forth below, the Court will grant the motion as to Defendants Campbell and Diedrich and deny the motion as to Defendants Bruce, Deluga, Grise, Turner, and Glover.

The Court previously recounted the facts of this case at length in its March 25, 2009, Memorandum Opinion and Order. To briefly summarize, Plaintiff claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when he was tasered while at the Christian County Jail in August 2006. Specifically, in his complaint, Plaintiff alleges that his rights were violated during the following incident:

> Either Saturday night or early Sunday morning, I was awaken and told to get ready to move out. I was handcuffed behind my back and escorted down the hallway. On the way, I tripped and fell. The two jailers that had hold of me let go and I fell to the floor. They took this opportunity to drag me down the hallway. When they got me in the stoge [sic] area they were joined by 4-5 other jailers. Together they tasered me. They piled on me making it difficult for me to breath. During the altercation, the handcuffs were removed from behind my back and put in the front. Shackles were placed on my ankles. Together they lifted me (each had a limb) on the waiting bus.

(DN 1).

Based on the wording of Plaintiff's complaint, the Court believed Plaintiff to be alleging that Defendants Campbell and Diedrich were involved in the altercation described above. As such, the Court originally denied them summary judgment. However, in his objections to

Defendants' proposed jury instructions, Plaintiff affirmatively states that:

> In the first paragraph of the first sentence references were made to defendants Ed Campbell and Chris Diedrich being present when plaintiff was tasered to obtain Higgs' compliance with their directions and to stop his threatening, violent, and fighting behavior. As the Honorable Harold M. Johns is acutely aware, ***defendants Campbell and Dietrich were not present when the taser was used on Plaintiff.***

(DN 88) (emphasis added).

Based on Plaintiff's admission, it now appears undisputed that Defendants Campbell and Diedrich were only involved in booking Plaintiff into the Christian County Jail and temporarily placing him in isolation. Such conduct, without more, does not rise to the level of an Eighth Amendment violation. *See Hudson v. Palmer*, 468 U.S. 517 (1984) (explaining that imprisonment carries with it the loss of may significant rights, all of which are justified by the institutional needs of the prison system); *Wilkins v. Marberry*, No. 2:05-CV-74797-DT, 2006 U.S. Dist. LEXIS 55443 ( E.D. Mich. Aug. 10, 2006) ("Plaintiff was confined in disciplinary segregation for no more than thirty days, and although his privileges were restricted, the facts as alleged do not suggest intolerably cruel conditions. The Court therefore concludes that Plaintiff's confinement in disciplinary segregation for thirty days did not amount to cruel and unusual punishment under the Eighth Amendment.").

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec.*

2

*Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Based on Plaintiff's recent judicial admission, it is undisputed that Defendants Campbell and Diedrich were not involved in events immediately surrounding the tasering incident that makes up Plaintiff's Eighth Amendment claim. As such, they are entitled to summary judgment.

As for the remaining Defendants, the Court has carefully considered the supplemental affidavit filed by Defendants. While the affidavit may strengthen Defendants' case, the Court nevertheless finds that issues of material fact exist regarding whether Defendants' used excessive force under the circumstances.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4413.008