# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:07CV-P77-R

**JAMES CARL HIGGS**                                                                    **PLAINTIFF**

**v.**

**TRANSPORTATION SPECIALIST SANFORD** *et al.*                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter came before the Court for a jury trial on December 14, 2009. The jury returned a verdict for Defendants, and judgment was entered in their favor on December 16, 2009. This matter is now before the Court on several post-judgment motions by Plaintiff James Carl Higgs. Each is addressed below.

## Motion for Judgment as a Matter of Law under Rule 50

When reviewing a motion for judgment as a matter of law, the Court should not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury; rather, this Court must view the evidence in the light most favorable to the party against whom the motion is made and give that party the benefit of all reasonable inferences. *Lewis v. City of Irvine, Ky.*, 899 F.2d 451, 454-55 (6th Cir. 1990). The Court should grant the motion only "if there is a complete absence of pleading or proof on an issue or issues material to the cause of action or where there are no controverted issues of fact upon which reasonable men could differ." *Kitchen v. Chippewa Valley Sch.*, 825 F.2d 1004, 1015 (6th Cir. 1987).

Defendants presented ample evidence at the trial of this matter from which the jury could reasonably conclude that they did not violate Plaintiff's Eighth Amendment rights, but rather used the amount of force necessary to bring Plaintiff into compliance. The Court will not second guess the jury's verdict as it appears to be supported by the evidence. Accordingly, Plaintiff's

Rule 50(b) motion (DN 133) is **DENIED**.

**Motion for New Trial and/or to Alter or Amend Judgment under Rule 59 and Rule 60**

Under Rule 59(a) of the Federal Rules of Civil Procedure, a court can grant a new trial when the verdict is against the weight of the evidence, the damages are excessive, or for other reasons if the trial was unfair and prejudicial. *See Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996). Showing substantial errors in the admission or rejection of evidence or the giving of or refusal to give proper jury instructions can establish prejudice. *See id.* A court must deny a motion for new trial if the verdict is one that a jury could reasonably reach, regardless of whether the court might have reached a different conclusion were it the trier of fact. *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001) (citing *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994)).

Rule 59(e) motions to alter or amend the judgment serve a limited purpose and the Court should grant them only (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law; or (4) to prevent a manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999).

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

2

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). When none of the first five enumerated conditions apply, relief may be available only when exceptional or extraordinary circumstances are present. *Cincinnati Insurance Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Plaintiff has raised nineteen assignments of error that he claims entitle him relief under Rules 59 and 60. The Court will briefly address each.

1. Plaintiff claims that he was prevented from presenting evidence of a taser's dangerousness. He alleges that this evidence would have changed the result of the trial. Plaintiff's argument, however, overlooks the fact that the Court ruled that he could not offer expert testimony on the taser because he was merely a lay witness, Fed. R. Evid. 701, and that he could not introduce research he had performed on the taser because it was hearsay. *See Almond v. ABB Industrial Sys., Inc.*, 2001 U.S. Dist. LEXIS 6507, 2001 WL 242548, at *8 (S.D. Ohio Mar. 6, 2001) (holding that copies of magazine articles are "clearly inadmissible hearsay," sometimes containing "double hearsay" problems). Plaintiff did not procure a taser expert to testify at trial that met the requirements of an expert witness under Fed. R. Evid. 702 and 703. As such, the Court concludes that it did not err in this regard.

2. Plaintiff claims that defendants were permitted to testify that the taser is one of two non-lethal weapons used by the Christian County Jail, and that this was unfair because he was not permitted to testify that he believed the taser to be a deadly weapon. Defendants did not testify as taser experts. Rather, Defendants offered testimony that at the Christian County Jail the taser was classified in the handbook/manual as a type of non-lethal force. Furthermore, the Court notes that Plaintiff specifically relied on this portion of the manual during his case-in-chief. The Court did not err in allowing this testimony.

3.  Plaintiff alleges that the trial court erred when it granted his Rule 59 motion to reverse the grant of summary judgment in favor of Defendants Campbell and Diedrich, but did not place a written order in the record. The Court ruled on Plaintiff's motion orally at trial on the record. The Federal Rules of Civil Procedure do not require a separate written order when a Rule 59 motion to alter or amend is granted. *See* Fed. R. Civ. P. 58 ("[A] separate document is not required for an order disposing of a motion: . . . (4) for a new trial, or to alter or amend the judgment, under Rule 59.").

4.  Plaintiff claims that Defendants were permitted to testify as experts that they were trained and certified by Taser International, Incorporation to use the taser without producing any documentation to support their assertions. Defendants did not testify as experts. They testified that they had been trained to use the taser based on their personal experience. Plaintiff questioned Defendants regarding the lack of documentation and made arguments in his closing questioning whether Defendants were actually certified. Nothing in the Federal Rules of Civil Procedure or Federal Rules of Evidence required Defendants to produce certification certificates at trial to support their testimony.

5.  Plaintiff claims that Defendants presented records that had been altered and/or falsified. Plaintiff made this argument at trial, which Defendants contested. This was a credibility issue that was appropriately resolved by the jury. Furthermore, Plaintiff has not presented this Court with any credible evidence that indicates that Defendants actually altered or falsified any exhibits or documents.

6.  Plaintiff claims that Defendants' counsel commented at trial that plaintiff was a convicted murderer and a persistent felony offender. Plaintiff actually displayed a document during trial that contained this information. Defendants made the Court aware of this fact outside of the

jury's presence. Defendants did not question Plaintiff on this fact or refer to it in their closing argument. Plaintiff was not unduly prejudiced.

7.　Plaintiff claims that Defendants' counsel was permitted to strike the only black juror without presenting any evidence that his decision was race neutral. This is incorrect. Counsel for Defendants actually presented the Court with evidence that the particular juror at issue had been convicted of felony in the past making her ineligible for jury service. *See* 28 U.S.C. § 1865(b)(5). There was also evidence presented that the juror had spent time in the Christian County Jail, the facility at issue in this case, and that she had been less than forthcoming during some portions of the *voir dire*. There were adequate race-neutral reasons for the strike.

8.　Plaintiff claims that the trial court improperly denied his request for a continuance to depose Neil Henderson, Master Instructor, Taser International, Incorporation, concerning the Instructor Certification Issued to Matthew Deluga. Plaintiff had ample time to conduct discovery in this case. He did not request to take discovery from Taser until well after the discovery deadline had passed.

9.　Plaintiff claims that the trial court improperly excused Defendant Campbell from trial. The Court excused Defendant Campbell from trial because he was being treated for colon cancer and was undergoing chemotherapy at the time of trial. If anything, Campbell's absence was more harmful to Defendants than Plaintiff because Campbell was not at trial to contradict Plaintiff's assertions regarding Campbell's action during the events at issue.

10.　Plaintiff claims that the trial court erred in denying his motion for default judgment against Defendant Campbell. The Court did not err in denying default judgment against Defendant Campbell. Credibility issues regarding Plaintiff's version of the events in question made it entirely possible that the jury could simply disbelieve Plaintiff's side of the story and

find for Defendant Campbell.

11. Plaintiff claims that the trial judge erred in permitting Sheba Sanford to testify over Plaintiff's objections to matters outside of the incidents at the Christian County Jail. Defendant Sanford testified regarding Plaintiff's behavior on a bus ride to the Christian County Jail. The testimony was relevant regarding the information that the Christian County Jailers received concerning Plaintiff's combative behavior on the bus.

12. Plaintiff claims the trial court erred in excluding him from participating in *voir dire*. The Court elected to conduct the *voir dire* itself. The content and conduct of *voir dire* questioning is committed to the district court's sound discretion. *Eisenhauer v. Burger*, 431 F.2d 833, 836 (6th Cir. 1970).

13. Plaintiff claims subsequent to the trial, he has received evidence regarding how Taser maintains its records that indicates that Defendant Deluga was not certified as a taser instructor. First, Plaintiff has not shown why he could not have obtained this "evidence" during the discovery period. Second, Plaintiff made ample arguments regarding the qualifications of Defendants to use a taser at the trial of this matter. And, third, the fact that Defendant Deluga may not have been properly trained on the taser is largely irrelevant for the purposes of the Eighth Amendment. *See Hoptowit v. Ray*, 682 F.2d 1237, 1250-1251 (9th Cir. 1982) (holding that court could not impose liability solely on the fact that defendants were untrained because "to require prisons to have adequate recruiting, screening, and training programs is an impermissible judicial involvement with the minutiae of prison administration").

14. Plaintiff states that the Court must take judicial notice that Turner testified that he was trained to use the taser, but failed to produce a certification. Again, Turner was not required to produce documentation to support his testimony.

15.     Plaintiff argues the jail did not produce a copy of the policies and procedures that were in effect at the time of the incident. The parties testified concerning the policies in effect at the time of the incident. Absence of the actual policy did not prejudice Plaintiff, especially since even if Plaintiff had shown a violation of the policy it would not have automatically entitled him to relief under the Eighth Amendment. *See Kennedy v. Stallard*, 2010 U.S. Dist. LEXIS 36389 (E.D. Ky. Apr. 12, 2010) ("Nor does the jail's asserted failure to follow KDOC policy state a viable constitutional claim.") (citing *Sandin v. Conner*, 515 U.S. 472 (1995)).

16.     Counsel submitted evidence that had not been properly labeled pursuant to Local Rule 7.1(a) and 37.1. The Court notes that it provided both parties with ample leeway in the submission of evidence and exhibits and finds that neither party was prejudiced by the other's failure to properly label exhibits at all times.

17.     Plaintiff claims that the Court's denial of his proposed instructions deprived him of a fair trial. The Court submitted instructions in conformity with the law after entertaining arguments and objections from both sides.

18.     Plaintiff claims that he was prejudiced because two armed guards stood behind him during trial. Plaintiff is a convicted murderer still serving time for his crimes. He remained in state custody during the trial. Plaintiff was permitted to sit at counsel's table alone, uncuffed, and unshackled. The Court provided as much latitude as possible while at same time ensuring the safety of court staff, witnesses, and the jury. Additionally, the presense of the officers was necessary to make sure that Plaitniff did not flee.

19.     Jurors observed Plaintiff being escorted into and outside of the Court while he was handcuffed and in an orange jumpsuit. This was an isolated incident that occurred on the first day of trial. Thereafter, the Court allowed Plaintiff to appear in street clothes. Additionally, by

the nature of the suit the jurors were aware that Plaintiff was incarcerated, and he mentioned this fact several times during opening statements, while on the stand, and during closing argument. Plaintiff was not unduly prejudiced by the jury seeing him in prison attire momentarily before the actual start of trial.

After reviewing each assignment of error alleged by Plaintiff, the Court concludes that he is not entitled to relief under either Rule 59 or Rule 60. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion (DN 133) is **DENIED**.

**Renewed Motion to Proceed *In Forma Pauperis* and for Ruling on Motion for New Trial**

By separate Order, the Court has granted Plaintiff's request to proceed *in forma pauperis* on appeal. This Memorandum Opinion and Order addresses his motion for a new trial. Accordingly, Plaintiff's motion (DN 141) is **DENIED as moot.**

**Motion for Transcript of Jury Trial and Exhibits at Government Expense**

Plaintiff requests the Court to provide him with a free trial transcript for use in the appeal of this matter. "Fees for transcripts furnished . . . to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753. The Court has reviewed Plaintiff's notice of appeal. Upon review, the Court finds that Plaintiff has failed to present a "substantial question" for review. Accordingly, Plaintiff's motion for transcript at government expense (DN 142) is **DENIED**.

**Motion to Expand the Record**

Plaintiff has moved to expand the record in this case to include a letter he received from Taser International, Inc., regarding how it maintains its records. He received the letter after conclusion of the trial. Defendants object. Plaintiff has made no showing why he could not have

obtained this letter during the discovery period. Furthermore, because the letter was not introduced at trial, Defendants have not had an opportunity to cross-examine Plaintiff about its contents. And, finally, the letter does not go to a central issue in this case. Plaintiff incorrectly asserts that whether Defendants were certified to use a taser is central to his case. As noted above, even if Defendants were not certified to use the taser, it does not automatically follow that Plaintiff would prevail under the Eighth Amendment. Even an uncertified officer's use of the taser in appropriate circumstances could be in conformance with the Eighth Amendment. Accordingly, Plaintiff's motion to expand the record (DN 142) is **DENIED.**

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4413.008